# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.: 1:22-CR-00143-DAR** |
| | : | |
| | : | **JUDGE DAVID A. RUIZ** |
| **Plaintiff,** | : | |
| | : | |
| ~ vs ~ | : | |
| | : | |
| **ELIAS NADER,** | : | **DEFENDANT'S SENTENCING** |
| | : | **MEMORANDUM AND REQUEST FOR NON-** |
| **Defendant.** | : | **RESIDENTIAL SANCTION** |

Now comes the Defendant, Elias Nader, by and through the undersigned counsel, and hereby submits the attached Sentencing Memorandum, incorporated by reference herein. The reasons, legal authority, and supporting documents are attached hereto.

Respectfully submitted,

/s/ *Michael J. Goldberg*
Michael J. Goldberg (0040839)
The Goldberg Law Firm, LLC
323 Lakeside Avenue, Suite 450
Cleveland, OH 44113
Tel: 216-696-4514
Fax: 216-781-6242
goldberg@goldberg-lawfirm.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27th, 2022 a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Michael J. Goldberg*
Michael J. Goldberg (0040839)

## MEMORANDUM

### I. Statement of the Case

Defendant, Elias Nader, is a native of Lebanon, who moved to the United States along with his family in 1978 to escape a civil war in their home country. His parents received social security benefits while in the United States. After his parents left the United States to return to their native Lebanon, Mr. Nader continued receiving the social security benefits intended for them. Between July 2012 and October 2019, Mr. Nader received $90,961 in social security benefits that he was not entitled to. On March 30, 2022, Mr. Nader was named in a one-count information charging him with Theft of Government Property in violation of 18 U.S.C. § 641. On April 28, 2022, Mr. Nader waived his right to indictment and pled guilty to the information. This Court accepted his guilty plea and ordered the preparation of a presentence investigation report (PSIR). This matter is currently set for sentencing on August 3, 2022.

### II. Law and Argument

#### a. PSIR Guideline Calculations

Base Offense Level: 6
USSG § 2B1.1(a)(2)

Special Offense Characteristic: Loss between $40,000 and $95,000 + 6
USSG § 2B1.1(b)(1)(D)

**Subtotal Before Acceptance of Responsibility: 12**

Acceptance of Responsibility: -2
USSG § 3E1.1

**Total Offense Level: 10**

Criminal History Category: I

**Guidelines Sentence Range: 6-12 months**
USSG §5A

Under USSG § 5C1.1, because this guideline range is within Zone B of the Sentencing Table, the minimum term of imprisonment may be satisfied by:

> (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

   b. **Sentencing Considerations**

18 U.S.C. § 3553(a) sets forth factors that district courts must consider at sentencing:

1. The nature and circumstances of the offense and the history and characteristics of the Defendant;

2. The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law; and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from future crimes of the Defendant; and (D) to provide the Defendant with needed education or vocational training; medical care or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The advisory guideline range;

5. Any pertinent policy statements issued by the Sentencing Commission;

6. The need to avoid unwarranted sentence disparities;

7. The need to provide restitution to any victims of the offense.

Defendant respectfully submits that the sentencing factors in this case weigh in his favor, are mitigating, and merit consideration of a non-residential sanction.

4

### i. Defendant's History and Characteristics

Elias Nader was born on July 15, 1959 in Koubba, Lebanon. In 1975, a civil war broke out in Lebanon. His family fled to the United States in 1978 to escape the war. Mr. Nader has five siblings. One lives in Parma, Ohio, while the others reside in Lebanon. Mr. Nader witnessed violence in Lebanon before coming to the United States. In particular, he remembers an incident in which his cousin's arms were blown off by a bomb while on the way to school. In 1976, he was struck in the leg by a stray bullet. In 1979, he was struck by a car, and underwent emergency surgery to remove blood in his brain. Because of this accident, to this day he must avoid any heavy lifting in order to protect his brain.

Mr. Nader has a steady history of employment as a business owner and manager. From 1984 to 1999, he owned and operated a convenience store. From 1999 to 2012 he ran a farmer's market. From 2012 to 2014 he owned and operated a liquor store. Since 2016, he has worked as general manager of a Shell Gas station. Mr. Nader's criminal history score is zero. Prior to this offense he had lived a law-abiding life, having no contact with law enforcement.

### ii. Defendant's Conduct in this Case

Mr. Nader's conduct in this case involved continuing to receive social security benefits that were intended for his parents, after they had left the United States and were therefore no longer eligible to receive those benefits. Mr. Nader accepts responsibility for his actions in this case and has expressed genuine remorse for his conduct. He has already deposited a check for the full amount of restitution owed with the Court.

### III. Conclusion

For the foregoing reasons, Defendant requests a sentence of non-residential sanctions in this matter. Because this offense falls within Zone B of the sentencing table, his sentence may be served through home detention. Given the nature of the offense, as well as Mr. Nader' criminal history score of zero, a non-residential sanction will provide just punishment and adequate deterrence, will protect the public, and will provide for restitution to be paid in this matter.

          Respectfully submitted,

          /s/ *Michael J. Goldberg*
          Michael J. Goldberg (0040839)
          *Attorney for Defendant*